69351. RICKS v. AMERICAN PARTS SYSTEM, INC.
(327 SE2d 518)

SOGNIER, Judge.

Edgar Ricks brought suit against American Parts System, Inc. alleging he had been maliciously prosecuted, illegally arrested and falsely imprisoned at the instigation of American Parts System. The jury returned a verdict in favor of Ricks. The trial court granted American Parts System's motion for judgment n.o.v. and Ricks appeals.

Appellant contends the trial court erred by granting appellee's motion for judgment n.o.v. because there was evidence presented at trial which supported the jury's verdict in his favor. In an action to recover damages for an alleged malicious criminal prosecution, the plaintiff carries the burden of proving that such prosecution was maliciously carried on and also that it was carried on without any proba-

ble cause. See *Hill v. Trend Carpet*, 154 Ga. App. 446 (268 SE2d 682) (1980); *Sizemore Security Intl. v. Lee*, 161 Ga. App. 332, 333 (1) (287 SE2d 782) (1982). " 'The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution [cits.]; in the latter case there is not. . . . [Cits.]' The rule applicable in a situation such as that presented in this case is stated in Prosser, Law of Torts § 119 at 837 (4th Ed. 1971): 'If the defendant [here appellee] merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.' " *Melton v. LaCalamito*, 158 Ga. App. 820, 822 (282 SE2d 393) (1981).

The evidence shows that appellee's agent requested the presence of a law enforcement officer when appellant was scheduled to be terminated from his employment with appellee because of the agent's fear that appellant, who was known to carry a gun, would become violent. Officer B. B. Harrison of the Atlanta Police Department arrived and was told by the agent that appellant carried a gun, was violent, and had threatened others at appellee's place of business. When appellant arrived, Officer Harrison arrested him for carrying a concealed weapon without a license. The record indicates the difficulty counsel for both parties experienced in eliciting clear answers from Officer Harrison. However, although her testimony was occasionally confusing, we find no conflict in the ultimate testimony by Officer Harrison that she arrested appellant on the concealed weapon charge because "I did believe he was carrying a concealed weapon at the time I arrested him" and that she exercised independent judgment in arresting appellant on the charge of carrying a weapon without a license based on her reiterated statement that she acted with deliberation in selecting the precise moment of arrest. Although statements made by appellee's agent as to appellant's alleged violent nature may have influenced Officer Harrison to take appellant into custody rather than issue a citation, Officer Harrison testified that she arrested appellant only for crimes she herself had verified and because she believed he was committing those crimes.

Inasmuch as appellant failed to establish that the persuasion of appellee or appellee's agent was the determining factor in inducing

Officer Harrison's decision to arrest appellant or that false information was given Officer Harrison that unduly influenced her, *Melton*, supra, and even construing the evidence in favor of appellant as respondent, a verdict was demanded in favor of appellee. See generally *Nat. Property Mgt. &c. Inc. v. Pope*, 163 Ga. App. 713, 716 (3) (295 SE2d 848) (1982). Therefore, the trial court did not err by granting judgment n.o.v. in appellee's favor.

*Judgment affirmed. Deen, P. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 19, 1985 —
REHEARING DENIED MARCH 5, 1985 —

*Paul J. Stalcup*, for appellant.
*William L. Spearman*, for appellee.