## 70148. FRANKLIN v. PIGGLY WIGGLY FOOD SOUTHERN, INC. et al.
(332 SE2d 329)

SOGNIER, Judge.

Ulysses K. Franklin brought this civil rights action against Piggly Wiggly Food Southern, Inc. (Piggly Wiggly) and Gary Young, Store Manager, alleging that Piggly Wiggly had wrongfully caused him to be detained in a Piggly Wiggly grocery store managed by Young. Summary judgment was granted in favor of Piggly Wiggly and Young. Franklin appeals.

1. Appellant contends the trial court erred by granting appellees' motion for summary judgment on his civil rights claim.

Appellant's claim that he was deprived of his civil rights is based on 42 USC § 1983 which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." It is well established that "[a] plaintiff in a § 1983 action must show (1) 'that he has been deprived "of a right secured by the 'constitution and laws' of the United States,"' and that

(2) the defendant acted under color of state law. The Supreme Court [has] set forth an analysis of the 'under-color-of-state-law' part of the foregoing two-part requirement. The conduct causing the deprivation must be fairly attributable to the state in order to be conduct 'under-color-of-state-law.' " *Poss v. Moreland*, 253 Ga. 730, 731 (324 SE2d 456) (1985).

Appellant alleged in his complaint that Piggly Wiggly summoned the police to its store to harass appellant because he was black. However, the uncontroverted affidavits of appellee Young and Danny Reeves, assistant manager of the Piggly Wiggly store, showed that Reeves called the police solely at the request of several store customers who reported that appellant bore a strong resemblance to an alleged rapist whose picture had been displayed by the local news media. It is also uncontroverted that appellees took no action resulting in appellant's detention by police other than the telephone call made at the request of the customers. The action taken by appellees is not attributable in any way to the State: appellees were not exercising a right or privilege created by the State, they did not follow any rule of conduct imposed by the State, nor were they persons for whom the state is responsible. Id. at 732. Therefore, because there is no question of fact that appellees were not acting under color of state law, the trial court properly granted summary judgment in favor of appellees on appellant's civil rights claim under 42 USC § 1983. OCGA § 9-11-56 (c); *Poss*, supra at 733.

2. Appellant contends the trial court erred by granting appellees' motion for summary judgment on his claims under state law.

"The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution [cit.]; in the latter case there is not. [Cit.]" *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 178 (243 SE2d 528) (1978); *Baggett v. Nat. Bank &c. Co.*, 174 Ga. App. 346 (330 SE2d 108) (1985). *Ricks v. American Parts System*, 173 Ga. App. 642, 643 (327 SE2d 518) (1985).

A claim against appellees for false imprisonment can be fairly drawn from appellant's complaint alleging that appellant was wrongfully detained as a result of appellees' wilful, malicious and false report to the police that appellant resembled an alleged rapist. OCGA § 51-7-20; see *Ginn*, supra at 177 (2). However, the uncontroverted evidence submitted by appellees in support of their motion for summary judgment establishes that the decision to detain appellant was made solely by the police based on the assistant manager's good faith report of the information given him by store customers that appellant re-

sembled an alleged rapist. See Division 1. Under these facts, and because there was no evidence that appellant's detention was "commanded, requested or directed" by appellees, the trial court did not err by granting summary judgment in favor of appellees on appellant's false imprisonment claim. *Oden & Sims Used Cars v. Thurman*, 165 Ga. App. 500, 503 (3) (301 SE2d 673) (1983); *Baggett*, supra; *Ricks*, supra at 643-44. *Dixie Beer Co. v. Boyett*, 158 Ga. App. 622, 623 (281 SE2d 356) (1981).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 31, 1985.

Ulysses Franklin, *pro se.*
*William A. Erwin, Kenneth B. Hodges*, for appellees.