## 73534. BOARD OF TRUSTEES OF THE GENERAL EMPLOYEES PENSION FUND OF ATLANTA v. ALEXANDER.
(352 SE2d 228)

DEEN, Presiding Judge.

William M. Alexander, who is currently employed by the City of Atlanta, served in the Georgia General Assembly for four years, 1971 through 1974. He is currently contemplating retirement from his employment with the City of Atlanta and in his communications with the Board of Trustees of the General Pension Fund of the City of Atlanta expressed a desire to make plans as to his retirement and sought to obtain four years' retirement credit for his service in the General Assembly pursuant to OCGA § 28-1-9. He further claimed that under this Code section he was entitled to credit for such service without being required to pay the employer or employee contributions into the pension fund for those four years. The board held a hearing and agreed that Alexander was entitled to receive the four years' credit he claimed under OCGA § 28-1-9, but refused to grant such credit unless he made both the employer and employee contributions for this time period. This contribution was calculated at $28,812.66 if paid in a lump sum, or $34,229.44 if paid over a sixty-month period. Alexander filed a petition for certiorari seeking a review of the board's ruling by the Superior Court of Fulton County. After a hearing, that court granted the petition and reversed the deci-

sion of the board. The board appeals. *Held*:

OCGA § 28-1-9 provides: "Any person employed by any political subdivision or elected to an office therein on or after March 6, 1962, who, by reason of such office or employment, is eligible for pension benefits under any local system and who, prior to such employment, was a member of the General Assembly of Georgia shall receive credit for time served in the General Assembly *in the computation of the service required to become eligible to retire and receive a pension.* In computing such credit, such person shall be credited for a full year for each year's membership in the General Assembly of Georgia." (Emphasis supplied.)

Appellee contends that since OCGA § 28-1-9 does not specifically require him to make a contribution in order to receive credit for his services in the General Assembly, it logically follows that he is to receive credit for that service without making any contribution. We must strongly disagree with this contention. It is well established that statutes enacted in derogation of common law must be strictly construed. OCGA § 1-3-1; *Fitzgerald v. Newcomer*, 162 Ga. App. 646 (291 SE2d 766) (1982). Applying this rule to the statute in question, appellee is permitted to obtain only credit for the *time* served in the General Assembly; he is not entitled to have the city pension fund bear the burden to the contributions necessary to support the pension benefits. In 1969, the legislature passed House Bill 154, which amended the statute creating a pension system for employees of certain cities and provided that employees who were entitled to prior service credit could receive such credit by paying "into the retirement system of such city an amount of money equal to the amount such person would have been required to pay had he been employed by such city during the prior service, and in addition thereto such person shall pay an amount equal to the amount such city would have been required to pay had such person been employed by such city during the prior service." Ga. L. 1969, pp. 2625, 2626-2627. This intent was reiterated in the 1974 amendment to the pension act. Ga. L. 1974, pp. 3540, 3544-3546. These amendments extended pension benefits to former state employees and teachers. We find that appellee as a former member of the General Assembly was entitled to credit for his General Assembly service, but was bound by the provisions of the local act requiring those eligible for service credit to make certain contributions to the pension fund in order to obtain credit for prior service.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope and Beasley, JJ., concur. Banke, C. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

Because I am of the opinion that the majority has misinterpreted

the statute at issue here, I must respectfully dissent.

I must first take exception to the application of the rule that statutes enacted in derogation of common law must be strictly construed. Pretermitting that neither the statute nor the case cited for that proposition actually supports it, that rule is not applicable to pension statutes: "It is a general rule that pension statutes are to be liberally construed." *Fulton County v. Holland*, 71 Ga. App. 455, 462 (31 SE2d 202) (1944). Applying *that* rule to the present case, as well as the rule that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it (*McPherson v. City of Dawson*, 221 Ga. 861 (148 SE2d 298) (1966)), it may be seen that OCGA § 28-1-9 is a grant of privilege by the General Assembly to its former members. Were it not so, the subsequent passage of OCGA § 47-1-8, which denies that privilege to persons becoming members of the General Assembly after July 1, 1984, would be meaningless. The grant was made without conditions such as employee contributions, and it is not the place of the court to supply them.

The majority also relies on the legislature's passage of local legislation concerning the pension systems for employees of certain cities. That proposition, however, runs afoul of Art. III, Sec. VI, Par. IV, Const. of Ga. 1983, which has been interpreted as meaning that a general law (e.g., OCGA § 28-1-9) cannot be modified by a special or local law (Ga. L. 1969, p. 2625, Sec. 1; Ga. L. 1974, p. 3540, Sec. 2, relied upon by the majority). See *City of Atlanta v. Hudgins*, 193 Ga. 618 (19 SE2d 508) (1942).

For the reasons stated above, I would affirm the judgment of the trial court.

I am authorized to state that Chief Judge Banke joins in this dissent.

DECIDED DECEMBER 5, 1986 —
REHEARING DENIED DECEMBER 18, 1986 —

*Marva Jones Brooks, David D. Blum, James Brantley*, for appellant.

*Henry R. Bauer, Jr.*, for appellee.