A93A2024. TAYLOR et al. v. SUPER DISCOUNT MARKET, INC.
(441 SE2d 433)

SMITH, Judge.

Lawrence Taylor, Ervan Jacobs, and Randy Rayford brought suit against Super Discount Market, Inc. d/b/a Cub Foods seeking damages for false imprisonment. The trial court granted Super Discount's motion for summary judgment.

The record reveals that during a visit to Atlanta from his home in Mississippi, Taylor and his stepsons, Jacobs and Rayford, stopped at a Cub Foods store in Marietta to purchase several items. While in the checkout line to pay for the groceries, Taylor handed Rayford a $20 bill, which Rayford handed the cashier, Kimberly Devens. Devens testified she thought the bill looked peculiar, primarily because the words "In God We Trust" were missing. She handed it to off-duty Marietta police officer David Mumford, who was working as a security guard in the store and was standing behind her. She asked Mumford what he thought of it. Taylor, Rayford, and Jacobs testified by deposition that Devens told them not to leave. Taylor and Jacobs also remembered Devens saying the bill was counterfeit. Taylor provided another $20 bill to pay for the groceries, and the sale was completed.

Appellants testified that Mumford asked them to step aside into a vestibule, because there was a problem with the bill and he would have to call the FBI. Shortly thereafter, a person in plainclothes, whom appellants believed to be an FBI agent, arrived, followed by several other police officers. Appellants were questioned about the money, and the bill was examined. According to appellants, the bill was returned after an interval of about 45 minutes, and they were released. However, in an affidavit submitted in support of Super Discount's motion for summary judgment, Bob Williams, communica-

tions director of the Marietta Emergency Communications Department, stated that departmental records indicated the time elapsed between Mumford's call for assistance regarding a possible counterfeit bill and the return to service of the officers dispatched in response to that call was only 16 minutes.

Mumford stated in an affidavit that when Devens handed him the bill he examined it, observed that it was a crisp looking 1950 bill, compared it with a newer bill, and noticed that the words "In God We Trust" were missing. Because he could not himself determine whether the bill was counterfeit, he called Sergeant Townsend, who had some experience in such matters. When Townsend arrived and examined the bill, he determined that it was simply "an old bill in excellent condition." The bill was then returned.

The trial court's order granting Super Discount's motion does not indicate the basis on which the motion was granted. Super Discount's motion for summary judgment was made on two grounds. It argued, first, that Super Discount was not liable because it never ordered or instructed its employees to detain appellants, and assuming a detention occurred, it was accomplished by Mumford. As a police officer, he had a duty to enforce the law 24 hours a day, even though he was off-duty and employed by Super Discount at the time of the incident. See *Quinones v. Maier & Berkele, Inc.*, 192 Ga. App. 585, 589 (1) (c) (385 SE2d 719) (1989). Secondly, Super Discount argued, again assuming a detention occurred, that OCGA § 51-7-60 applied here and exempted it from liability for any such detention. That statute creates a privilege for merchants detaining those suspected of shoplifting.

1. Appellants contend that OCGA § 51-7-60 does not apply to the facts of this case. We agree.

The statute provides a defense to claims of false arrest or false imprisonment "[w]henever the owner or operator of a mercantile establishment or any agent or employee of the owner or operator detains, arrests, or causes to be detained or arrested any person reasonably thought to be engaged in *shoplifting*." (Emphasis supplied.) The statute makes no reference to the detention of people for reasons other than suspected shoplifting, see *Winn-Dixie Stores v. Nichols*, 205 Ga. App. 308, 311 (2) (422 SE2d 209) (1992), and being in derogation of common law, it must be strictly construed. See generally *Bd. of Trustees &c. v. Alexander*, 181 Ga. App. 360, 361 (352 SE2d 228) (1986).

Contrary to appellees' argument, the conduct suspected in this case is not within the purview of OCGA § 16-8-14 (a), which defines shoplifting. Appellants were not suspected of shoplifting but rather of passing counterfeit currency. Accordingly, OCGA § 51-7-60 does not provide a ground for the entry of summary judgment in favor of

Super Discount.

2. Appellants also maintain that Super Discount's argument that any detention of appellants was carried out solely by Mumford in his capacity as a police officer ignores evidence in the record, and that the evidence reveals at least a question of fact regarding whether Devens, as well as Mumford, "detained" them tortiously.

In an action for false imprisonment, the essential elements are a detention and the unlawfulness thereof. *Williams v. Smith*, 179 Ga. App. 712, 713-714 (2) (348 SE2d 50) (1986). The evidence reflects without dispute that Devens did not instruct or urge Mumford to arrest or detain appellants based upon her judgment that the bill was counterfeit. See generally *Franklin v. Piggly Wiggly Food Southern*, 175 Ga. App. 20, 21 (2) (332 SE2d 329) (1985). Although some evidence indicates that Devens told appellants to "hold it" or "wait right here," any detention resulting from those words was merely momentary. Devens then immediately handed the $20 bill to Mumford and asked him to make a judgment as to its validity. Appellants admit that only about a minute passed between the time Devens left them and the time she turned the bill over to Mumford and that Devens never said more than one sentence to them, never touched them, never spoke in a loud voice, and thanked them for their purchase.

There is also a more important consideration. Even assuming appellants are correct that there is some evidence Devens herself was responsible for a detention of sufficient length to meet the requirements of a claim for false imprisonment, no evidence exists that any such detention was in any way unlawful. Although Devens mistakenly suspected the bill was counterfeit, there is no dispute it was an honest mistake on her part, and when she became suspicious, she immediately turned the matter over to the police. We decline to hold that a business may not voice a question in a courteous manner to a customer regarding currency that appears to trained personnel to be unusual, or to ask a customer to wait a moment while proper authorities are informed of the question, without exposing itself to liability for false imprisonment. "While it is certainly true that the owner of a business has a duty to protect its customers from injury caused by the tortious misconduct of its employees ([cits.]), the undisputed evidence refutes the existence of such misconduct in this case." *Baggett v. Nat. Bank &c. Co.*, 174 Ga. App. 346, 348 (2) (330 SE2d 108) (1985).

A trial court's judgment right for any reason will be affirmed. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991). Because any momentary detention by Devens was not unlawful, an essential element of appellant's case was negated, entitling Super Discount to summary judgment on that ground. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

158

*Nick Long & Associates, Nick Long, Darryl S. Marmon,* for appellants.

*Drew, Eckl & Farnham, G. Randall Moody, Jennifer D. Welch,* for appellee.