A95A1798. SIMMONS et al. v. KROGER COMPANY et al.
(463 SE2d 159)

JOHNSON, Judge.
Robert and Annie Simmons filed suit against the Kroger Company, Lawrence Elder, the store manager, and Gregory Walker, a store security guard, jointly and severally for damages on claims of false imprisonment, false arrest, battery, tortious misconduct and loss of consortium arising from an incident which occurred on December 24, 1991, at the Kroger store located on Cascade Road in southwest Atlanta.

Robert Simmons asked a store butcher how to slice a country ham which he had at home. The butcher offered to slice it for him, so Simmons sent his son home to get the ham. When his son returned, Simmons went into the parking lot to meet him. Relying on information from a store clerk, who has never been identified, Walker, in uniform and carrying a gun, followed Simmons into the parking lot and

asked him to return to the store with him. Simmons, an attorney, asked if Walker had probable cause to stop or arrest him and was told that he had been seen eating some candy. According to Simmons' affidavit, he attempted to turn and walk away, and Walker grabbed his arm and told him if he did not come with him he would be arrested for resisting arrest. Simmons was taken up a flight of stairs to the store's security office. Simmons told Walker that he considered himself under arrest and wanted his wife, also an attorney, to be present. Walker told him that he was not under arrest. Elder, the store manager, told Mrs. Simmons, who had been shopping but who was now present, that the office was off limits to customers. Mrs. Simmons told her husband that if he was not under arrest, he needed to get his things and leave. Walker then told Mrs. Simmons that if she did not leave, she would be arrested for criminal trespass. Elder told Simmons he was not going anywhere and slammed the door. According to both Walker's deposition and Simmons' affidavit, no further questions were asked, and after some time, Simmons was released.

Without stating its reasons therefor, the trial court granted Kroger's motion for summary judgment on the Simmonses' claims of false arrest and tortious misconduct. The remaining counts of false imprisonment, battery and loss of consortium were tried before a jury which returned a verdict in the amount of $23,300 in favor of the Simmonses. The Simmonses now appeal the grant of summary judgment on the false arrest and tortious misconduct claims. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978).

1. The trial court in this case denied the defendants' motion for summary judgment on the false imprisonment claim but granted it as to the false arrest claim. Because the elements of false imprisonment and false arrest are different, the denial of summary judgment on one claim does not preclude the grant of summary judgment on the other. See OCGA §§ 51-7-1 through 51-7-3; OCGA §§ 51-7-20 through 51-7-22; *Kemp v. Rouse-Atlanta*, 207 Ga. App. 876 (429 SE2d 264) (1993). "An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." OCGA § 51-7-1. Examining the three elements of the tort, we consider first whether there was an arrest under process of law. An action for false arrest may lie either when there has been an arrest pursuant to a warrant or when the arrest is made without a warrant. *Gantt v. Patient Communications Systems*, 200 Ga. App. 35, 38 (2) (a) (406 SE2d 796) (1991). It is undisputed that there is no warrant involved in this case. The parties disagree, however, about whether there was an arrest. "An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." (Citations and punctuation omitted.) *State v. Henderson*, 215 Ga. App. 215, 218 (450 SE2d 288) (1994). When Simmons asked

Walker if he was under arrest, he was told he was not. However, when his wife told him to get his things and leave the security office, he was prevented from doing so. Because Simmons was not free to go, we conclude that Simmons was under arrest while in the security office. Having established there was an arrest, we turn to what has been characterized as the gravamen of a false arrest claim, whether there was probable cause. *K-Mart Corp. v. Coker*, 261 Ga. 745, 746 (1) (410 SE2d 425) (1991). "Lack of probable cause is defined in OCGA § 51-7-43 as existing 'when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused.' Unless the facts regarding probable cause are undisputed, it is a question for the jury. [Cits.]" *Gantt*, supra at 38 (2) (a). See OCGA § 51-7-3. In this case, Walker asserts that his actions were the result of information from a store clerk, whose name he did not know and who has never been identified. No steps were taken to verify the clerk's information. "Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, that the person charged was guilty of the crime for which he was arrested or prosecuted. . . . The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution . . . , he may be liable for failure to do so. All such factors as the reliability of the source, the availability of further information and the difficulty of obtaining it, the reputation of the accused, and his opportunity to offer an explanation, and the apparent necessity of prompt action, are to be considered in determining whether it was reasonable to act without verification." (Citations and punctuation omitted.) *McGonagil v. Treadwell*, 216 Ga. App. 850, 854 (2) (456 SE2d 260) (1995). Whether Walker acted reasonably in relying on unverified information from a source he has never identified, either at the time of or after the incident, creates an issue of fact regarding the presence or absence of probable cause which should have been allowed to go to the jury.

Malice, the final element comprising the tort of false arrest, is defined by statute as "a general disregard of the right consideration of mankind, directed by chance against the individual injured." OCGA § 51-7-2. See *Pinkston v. City of Albany*, 196 Ga. App. 43, 46 (1) (395 SE2d 587) (1990). Malice can be inferred where there is a total absence of probable cause. *McMillan v. Day Realty Assoc.*, 159 Ga. App. 366, 368 (2) (283 SE2d 298) (1981). The element of malice in this case cannot properly be considered until the issue of probable cause has been resolved by the jury. The trial court erred in removing the count of false arrest from jury consideration. Compare *Brown v. Winn-Dixie Atlanta*, 194 Ga. App. 130 (389 SE2d 530) (1989).

2. A business owes the public a duty to protect its invitees from

abusive language and conduct on the part of its employees. *Doe v. Village of St. Joseph*, 202 Ga. App. 614, 617 (3) (415 SE2d 56) (1992). In a store crowded with Christmas Eve shoppers, Walker, acting as Kroger's agent, detained Simmons and ordered him to come with him and answer questions about some candy he had allegedly been seen eating. When Simmons asked if he was under arrest, he was told that if he did not go with Walker, he would be arrested. At that point, in public view, Walker grabbed Simmons' arm and escorted him to a security office. Simmons noticed numerous customers watching the incident. We believe that this description of the events creates a genuine issue of material fact regarding whether Simmons was subjected to abusive language or conduct by Kroger's agents so as to support a claim of tortious misconduct. Accordingly, the trial court's grant of summary judgment in favor of the defendants on this claim must also be reversed. Compare *Fly v. Kroger Co.*, 209 Ga. App. 75, 78 (3) (432 SE2d 664) (1993).

Appellees argue that the Georgia Shoplifter's Act bars a claim of tortious misconduct. This is an overbroad reading of the statute as well as the cases which have construed it. OCGA § 51-7-60 insulates a merchant and his agents from liability for words spoken in the course of an arrest or detention only if there was a basis for a reasonable belief that the person detained was in fact engaged in shoplifting in the store. *Swift v. S. S. Kresge*, 159 Ga. App. 571, 573 (284 SE2d 74) (1981). This Court has repeatedly held that a determination of whether the merchant acted reasonably is a matter for jury consideration. *Bi-Lo v. McConnell*, 199 Ga. App. 154, 156 (3) (404 SE2d 327) (1991); *United States Shoe Corp. v. Jones*, 149 Ga. App. 595, 597 (2) (255 SE2d 73) (1979).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED OCTOBER 12, 1995.

*Simmons & Simmons, Robert L. Simmons, Annie R. Simmons,* pro se.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde,* for appellees.

