A98A0815. MITCHELL v. LOWE'S HOME CENTERS, INC.
(506 SE2d 381)

POPE, Presiding Judge.

Appellant Sara Mitchell sued appellee Lowe's Home Centers, Inc., for false imprisonment and tortious misconduct as the result of what she claims was an involuntary detention. The trial court granted Lowe's motion for summary judgment, and Mitchell appeals.

Mitchell argues that summary judgment was improper because triable issues of fact remain when the evidence is viewed in her favor. "This Court applies a de novo standard of review to a grant of summary judgment, and the evidence must be viewed in the light most favorable to the nonmoving party. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665 (497 SE2d 257) (1998). This matter arose from Mitchell's purchase of tiles at Lowe's approximately one month prior to the alleged detention. Mitchell, a 32-year-old woman, was authorized to use a Lowe's credit card on an account held in the name of her mother, Florence Scott. Lowe's issued Mitchell a credit card with her name and her mother's account number. On the day she purchased the tiles, Mitchell forgot to bring the card with her, so she went to the customer service desk, gave her name and asked for her account

number. The customer service representative, who did not ask to see any form of identification, mistakenly gave Mitchell the account number of a different Sara Mitchell, a 64-year-old woman who lived in another state, and Mitchell unwittingly charged the tiles to the wrong account.

Mitchell later returned to the store to exchange the tiles she had purchased for other merchandise, but was unable to locate the merchandise she wanted. She then went to the customer service desk to return the tiles. The Lowe's employee involved became concerned because the 32-year-old Mitchell did not fit the information on the account profile of the 64-year-old Sara Mitchell and alerted the store manager. Mitchell testified that she was told that there was some problem with the merchandise that she was trying to return, and she accompanied the manager to his office at the manager's request.

While Mitchell was in the manager's office, an off-duty Chatham County police officer employed by Lowe's was outside the door. Mitchell testified on deposition that after showing her driver's license and checkbook to the manager and the officer, she was accused of presenting "bogus" documents. She further testified that the manager told her that the store had lost thousands of dollars in inventory through theft, and that they needed to get this matter straightened out. Mitchell contends that after she tried to explain how she obtained the account number to charge the tiles, the manager gave the impression that he did not believe her. While she was in the office, the manager called the older Sara Mitchell to discuss the situation, saying that there was someone in the store attempting to use her account and claiming to be Sara Mitchell. The matter was resolved after a call to the Lowe's Credit Card Center, and the charges to the elder Sara Mitchell's account were transferred to Florence Scott's account. After the confusion between the two accounts was cleared up, Mitchell left the manager's office. Mitchell testified that the whole matter took one to two hours to resolve, while the Lowe's manager recalled that the matter took approximately one half-hour.

The trial court granted Lowe's motion for summary judgment finding as a matter of law that the company's actions were reasonable under the circumstances.

1. Lowe's argued that it was entitled to summary judgment on Mitchell's false imprisonment claim because no detention occurred. " 'The essential elements of the cause of action for false imprisonment are a detention of the person of another for any length of time, and the unlawfulness of that detention. OCGA § 51-7-20. A detention need not consist of physical restraint, but may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient

if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries. It is essential, however, that the restraint be against the plaintiff's will; and if he agrees of his own free choice to surrender his freedom of motion, as by remaining in a room or accompanying the defendant voluntarily, to clear himself of suspicion or to accommodate the desires of another, rather than yielding to the constraint of a threat, then there is no imprisonment.' " (Citations and punctuation omitted.) *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 879 (2) (429 SE2d 264) (1993). A person need not make an effort to escape or to resist until an application of open force results, thereby risking possible physical injury, before he can recover; however, an actual detention must have occurred whether caused by force or fear. [Cit.]" *Williams v. Food Lion*, 213 Ga. App. 865 (2) (446 SE2d 221) (1994).

While it appears that Mitchell accompanied the Lowe's manager to his office voluntarily, the record contains sufficient evidence to present a jury question as to whether the manager's comments and actions, the time it took to resolve the matter and the presence of the policeman resulted in a reasonable fear on the part of Mitchell that she was not free to leave the manager's office without experiencing personal difficulties.

2. Even if there were a detention, however, Lowe's contends that the detention was lawful. We agree. "[T]he defense of a warrantless arrest in a false imprisonment case must show that the arrest was made on probable cause and pursuant to the appropriate exigent circumstances. [Cit.]" *Arbee v. Collins*, 219 Ga. App. 63, 66 (2) (463 SE2d 922) (1995). The record shows the existence of both probable cause and exigent circumstances, which justified a detention of Mitchell.

A lack of probable cause exists where a reasonable man is satisfied that "the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43. This Code section also provides that the lack of probable cause is a question for the jury, "under the direction of the court." Id. But "[w]hat facts and circumstances *amount to* probable cause is a pure question of law." (Punctuation omitted; emphasis in original.) *Brown v. Winn-Dixie Atlanta*, 194 Ga. App. 130, 132 (389 SE2d 530) (1989). There was no evidence that Lowe's employees acted solely out of a desire to harm Mitchell. To the contrary, the record, including Mitchell's testimony, demonstrates that Lowe's employees were motivated by a desire to protect store property. Therefore, a finding of probable cause as a matter of law is appropriate. See *Amason v. Kroger Co.*, 204 Ga. App. 695, 697-698 (2) (420 SE2d 314) (1992).

Because any detention of Mitchell was effected by private per-

sons,[1] the exigent circumstances outlined in OCGA § 17-4-60 apply. That statute provides that a private person may detain "an offender if the offense is committed in his presence or within his immediate knowledge." OCGA § 17-4-60. Although further investigation revealed that the matter had been the result of a mix-up, at the time, Mitchell appeared to be using the credit card of another person without authorization, and thus Lowe's employees had reason to believe that a crime was being committed in their presence. Under these circumstances, Lowe's was entitled to conduct further investigation into the matter. And however long the alleged detention lasted, Mitchell testified that the Lowe's manager spent the time calling the other Sara Mitchell and Lowe's Credit Card Center in an effort to resolve the matter. Mitchell also acknowledged the manager's ultimate decision to transfer the charges from the elder Sara Mitchell's account to Florence Scott's account was appropriate. Lowe's detention of Mitchell, if any, was therefore lawful.

A defendant's burden on summary judgment is to demonstrate that there is no evidence to support at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. at 491. We find that Lowe's has met this burden and that Lowe's was entitled to summary judgment on Mitchell's claim of false imprisonment. See *Haile v. Pittman*, 194 Ga. App. 105, 106 (2) (389 SE2d 564) (1989); *Crowe v. J. C. Penney*, 177 Ga. App. 586, 588 (2) (340 SE2d 192) (1986).[2]

3. Summary judgment was also proper on Mitchell's claim of tortious conduct. In her amended complaint asserting this claim Mitchell alleges that Lowe's employees "falsely accused her of various crimes, including theft, credit card fraud and possession and distribution of a false driver's license and checking account book." However, on deposition she admitted that no one had accused her of a crime or threatened to arrest her, but rather that she "just had this

---

[1] Even though an off-duty policeman was present at the time, he was acting in his capacity as a private citizen under these circumstances. See *Edge v. State*, 226 Ga. App. 559, 562 (2) (487 SE2d 117) (1997); *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992).

[2] While Lowe's also claimed that the actions of its employees were protected by OCGA § 51-7-60, which allows a shopkeeper to detain someone for suspicion of shoplifting under certain circumstances, "[t]he statute makes no reference to the detention of people for reasons other than suspected shoplifting, and being in derogation of common law, it must be strictly construed." (Citations omitted.) *Taylor v. Super Discount Market*, 212 Ga. App. 155, 156 (1) (441 SE2d 433) (1994). We find that the statute does not apply in this instance where Mitchell could not have been suspected of shoplifting as defined in OCGA § 16-8-14 at the time of the events in question — in fact, she was in the process of returning merchandise to the store — although she may have been suspected of some other offense such as credit card fraud (OCGA § 16-9-33) or theft (OCGA § 16-8-3). See *Taylor v. Super Discount Market*, 212 Ga. App. at 156 (refusing to apply the statute where a customer was suspected of passing counterfeit money); *Hampton v. Norred & Assoc.*, 216 Ga. App. 367, 369 (454 SE2d 222) (1995) (refusing to apply the statute where employee was suspected of stealing money).

feeling." Although Mitchell testified that the off-duty policeman did say that her driver's license and checking account were "bogus," she acknowledged that her weight had changed since her driver's license picture had been taken three years earlier, and that the officer thought that the picture did not look like her. Although Lowe's employees perhaps could have been more tactful in handling this situation, the conduct alleged does not rise to the level of "unprovoked and unjustifiable opprobrious and insulting and abusive words by [an employee] tending to humiliate, mortify, and wound the feelings of the customer. [Cits.]" (Punctuation omitted.) *Doe v. Village of St. Joseph*, 202 Ga. App. 614, 617 (3) (415 SE2d 56) (1992). "While it is certainly true that the owner of a business has a duty to protect its customers from injury caused by the tortious misconduct of its employees, the undisputed evidence refutes the existence of such misconduct in this case." (Citations and punctuation omitted.) *Taylor v. Super Discount Market*, 212 Ga. App. 155, 157 (441 SE2d 433) (1994).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 17, 1998 —
RECONSIDERATION DENIED SEPTEMBER 15, 1998 —

*Jones, Boykin, Stacy & Associates, Noble L. Boykin, Jr., Gilbert L. Stacy*, for appellant.

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellee.