### A01A0182. MIMICK MOTOR COMPANY v. MOORE.
(546 SE2d 533)

ELDRIDGE, Judge.

Appellee-plaintiff Willie Moore brought a complaint in trover against appellant-defendant Mimick Motor Company ("Mimick"), a Nebraska car dealership, alleging that Mimick had wrongfully repossessed a 1996 Taurus he purchased from Savannah Auto Brokers, Inc. ("Savannah Auto") d/b/a Payless Rent-a-Car ("Payless"). Moore sought actual and punitive damages or, in lieu of punitive damages, the return of the vehicle with judgment for hire or profits.[1] By amendment to his complaint, Moore added a claim under the Fair Business Practices Act. Mimick later moved to join Savannah Auto d/b/a Payless and its sole owner, Kay Williams, to the litigation as needed for a just adjudication under OCGA § 9-11-19 and filed a motion to dismiss for the superior court's failure to join the assignee finance company as an indispensable party. Additionally, the parties filed cross-motions for summary judgment. Mimick sought summary judgment upon the claim that no ownership interest could pass to Moore under OCGA § 40-3-32 (d),[2] no certificate of title having been given him as a nonparty to the lease by which Savannah Auto acquired the vehicle from Mimick, or, in the alternative, partial summary judgment on Moore's claim for punitive damages and otherwise limiting Moore's recovery to his actual damages proved at trial, i.e., the payments he made on the Taurus alone. Moore sought summary judgment claiming that, as a bona fide purchaser for value under OCGA § 11-2-403 (2),[3] he acquired the paramount ownership interest

---

[1] By his motion for summary judgment and response in opposition to Mimick's motion for summary judgment, Moore states that he learned in discovery that Mimick sold the vehicle after repossessing it.

[2] OCGA § 40-3-32 (d) provides

[e]xcept as provided in Code Section 40-3-33 and as between the parties, a transfer by an owner is not effective until this Code section and Code Section 40-3-33 have been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with this Code section.

[3] OCGA § 11-2-403 (2) provides "[a]ny entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business."

in the vehicle because Mimick had entrusted the Taurus to transferor-seller Savannah Auto. The trial court denied both motions, further issuing a certificate for immediate review as to its denials of Mimick's claims. We granted Mimick's application for interlocutory appeal and affirm.

The record shows that Williams, acting for Savannah Auto, entered into a written leasing agreement with Mimick by which she leased 22 cars for use in her Payless Rent-A-Car franchise. The agreement provided that "this is a contract of leasing only and title to 'Vehicle(s)' and ownership at all times shall be and remain in Company or title holder for Company." The agreement also provided that Mimick would own or designate the title owner of each vehicle and that Savannah Auto acknowledged and agreed it was not buying or obtaining any legal title to any vehicle subject to the lease agreement.

Although Savannah Auto gave Moore a copy of the purchase agreement at the time he purchased the Taurus here in issue, he was not given a title or vehicle registration certificate. Williams later defaulted on her lease agreement with Mimick. Mimick engaged the services of a repossession company which subsequently seized the Taurus from Moore's possession as being among the vehicles which Mimick had leased to Savannah Auto.

Mimick responded to Moore's motion for summary judgment in part by the affidavit of the lessor, Peter Mimick III. Therein, Peter Mimick asserted that, at the time he directed the repossession of Mimick's cars, he had no knowledge that the Taurus was in Moore's possession; that Williams had sold the vehicle to Moore; and that he then believed Williams used all of Mimick's vehicles in her rent-a-car business.

1. (a) *Summary judgment.* The superior court did not err in denying Mimick summary judgment upon its OCGA § 40-3-32 (d) claim. Mimick asserts its entitlement to summary judgment under OCGA § 40-3-32 (d) because as a nonparty to the lease agreement between Mimick and Williams, Moore could not obtain any right, title, or interest in the Taurus until he obtained a certificate of title to the Taurus duly transferred to him as required by law. However, it has long been settled that

> the Georgia Title Certificate Law . . . provide[s] a simple statutory method of proving ownership [of] vehicles, but it is not exclusive. . . . The statute provides that the certificate of title is prima facie evidence of the facts appearing in the certificate, including the name of the owner. The statute did not change the existing case law as to the manner in which

ownership of chattels including automobiles could be proven.

(Citations omitted.) *Hightower v. Berlin*, 129 Ga. App. 246, 248 (5) (199 SE2d 335) (1973); see also *Bank South v. Zweig*, 217 Ga. App. 77, 78 (1) (456 SE2d 257) (1995); *State v. Banks*, 215 Ga. App. 828, 830 (1) (452 SE2d 533) (1994) (substantive law of contract rather than Motor Vehicle Title Certificate Act creates and defines property interests in motor vehicles); *Rome Bank &c. Co. v. Bradshaw*, 143 Ga. App. 152, 155 (237 SE2d 612) (1977). Further, Moore has not appealed from the superior court's denial of his motion for summary judgment upon the claim that he should prevail in the instant ownership dispute as a bona fide purchaser for value under OCGA § 11-2-403 (2). That ownership may also be proved thereunder is illustrative of the fact that OCGA § 40-3-32 (d) is not dispositive of ownership in a motor vehicle. Accordingly, it was not error to deny summary judgment to Mimick. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(b) *Partial summary judgment (punitive damages).* Mimick supported its motion for summary judgment by Peter Mimick's affidavit in which he attested that, having no knowledge of any sale, Mimick repossessed the vehicles it leased to Williams, among them the Taurus that Williams purportedly sold to Moore. However, Moore did not come forward in response with more than the claim that the evidence showed that Mimick had proceeded wilfully. Bare conclusions and contentions unsupported by an evidentiary basis in fact are insufficient to oppose a motion for summary judgment. *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 336-337 (2) (508 SE2d 750) (1998). Consequently, the superior court erred insofar as it denied Mimick partial summary judgment on the issue of punitive damages. *Lau's Corp. v. Haskins*, supra; *Bonard v. Lowe's Home Centers*, 224 Ga. App. 85, 86 (479 SE2d 784) (1996) (punitive damages authorized under OCGA § 51-12-5.1 (b) when clear and convincing evidence establishes that defendant's conduct exhibits wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences).

(c) *Partial summary judgment (compensatory damages).* It is undisputed in the evidence that Moore purchased the Taurus on an installment contract basis, making a down payment and only several monthly payments thereafter. Moreover, the evidence reflects that the finance company stopped sending Moore monthly statements and wrote off the remaining amount owing on the loan.

When [as here] the plaintiff elects to demand a verdict for damages alone . . . and the evidence shows that the interest

of the plaintiff in the property at the time of the conversion is less than that of absolute ownership, the measure of damages will be the value of the plaintiff's interest therein, whatever it may be.

*Commercial Auto Loan Corp. v. Baker*, 73 Ga. App. 534, 540 (37 SE2d 636) (1946); *Douglas Motor Co. v. Watson*, 68 Ga. App. 335, 336-337 (22 SE2d 766) (1942). Reduced to the dimensions of this case, the measure of Moore's actual damages would be his equity in the Taurus, that is, the difference between the market value of the vehicle upon its repossession less the balance due on the purchase price of the automobile. *Ali v. World Omni Financial Corp.*, 240 Ga. App. 9 (522 SE2d 525) (1999). Under these circumstances, the superior court erred in denying Mimick partial summary judgment on the question of the measure of compensatory damages as limited to the portion of the Taurus that Moore had paid for, rather than its full purchase price. *Lau's Corp. v. Haskins*, supra.

2. Mimick contends that the superior court erred in denying its motion to join Williams and her rent-a-car business, Savannah Auto d/b/a Payless, as necessary to just adjudication under OCGA § 9-11-19. "There are two essential tests of an indispensable party [under OCGA § 9-11-19 (a)]: (1) can relief be afforded the plaintiff without the presence of the other party? (2) can the case be decided on its merits without prejudicing the rights of the other party?" *Pickett v. Paine*, 230 Ga. 786, 796 (199 SE2d 223) (1973). Applied in the instant circumstances, these tests show that Williams and Savannah Auto d/b/a Payless are not indispensable parties in that the evidence reflects only their indirect involvement in the subject matter of the complaint in trover. Mimick admits repossession of the Taurus at its behest. Only the proper measure of damages remains in issue, and resolving this question does not implicate the potential for prejudice to parties beyond the lawsuit. Under these circumstances, the superior court did not err in denying Mimick's motion for joinder.

3. In light of our disposition in Division 1, we need not address Moore's remaining claim of error.[4]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Miller, J., concur. Andrews, P. J., disqualified.*

---

[4] Mimick enumerated that the superior court erred in denying its motion to dismiss for failure to join the finance company as an indispensable party, contending that *"[i]f* [Moore's] compensatory damages are not limited to his equity in the Taurus, then the finance company is an indispensable party." (Emphasis supplied.)

DECIDED FEBRUARY 27, 2001.

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellant.

*Murphy A. Cooper*, for appellee.