A07A1674. KIRKLAND v. EARTH FARE, INC. et al.
(658 SE2d 433)

MIKELL, Judge.

Dwain Lee Kirkland, acting pro se, filed the underlying action against Earth Fare, Inc., and its employee, Gere Warrick (called "Gere Doe" in the complaint), based on an incident that occurred in an Earth Fare store. Kirkland now brings this pro se appeal of the trial court's grant of summary judgment in favor of appellees. Finding no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] On appeal from a grant of summary judgment, we apply a de

---

[1] OCGA § 9-11-56 (c).

novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Viewed in this light, the record reveals that on July 7, 2003, Kirkland entered an Earth Fare grocery store in order to return an item. According to Kirkland, the manager of the store, Warrick, called Kirkland aside to an area immediately adjacent to the checkout lane and within earshot of the other customers, and asked him to leave the store. When Kirkland asked why, Warrick accused him of sexually harassing female employees of Earth Fare and of masturbating in the men's restroom. Kirkland denied these allegations. After their encounter, Kirkland was not ejected from the Earth Fare store nor was he asked not to return to the store; instead, according to Kirkland's verified complaint, "he was unmolested as he finished the refund and then his shopping and exited Earth Fare." Kirkland admitted that there was no physical contact between himself and any employee of Earth Fare.

Kirkland filed the underlying lawsuit against Earth Fare and Warrick on June 27, 2005, more than a year after the incident occurred, alleging damage to his reputation, "extreme emotional duress and irreversible mental damage," that the actions of appellees were "contributory to a near fatal event . . . that occurred in late 2003," "loss of companionship," "extreme unhappiness," and near loss of life, plus punitive damages and costs. Appellees moved to dismiss the complaint. After a hearing on November 29, 2005, the trial court converted appellees' motion to dismiss to a motion for summary judgment and subsequently granted summary judgment in favor of appellees. Kirkland appeals, asserting that the trial court erred, first, in failing to grant summary judgment in his favor and, second, in granting summary judgment to appellees as to Kirkland's claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and tortious misconduct. Kirkland has not challenged the trial court's ruling that his claims for loss of reputation were time-barred.

1. In his first four enumerations of error, Kirkland asserts that the trial court erred in failing to grant summary judgment in his favor on his claims of negligent infliction of emotional distress, "intentional negligent infliction of emotional distress," tortious misconduct, and on all his claims set forth in paragraphs 1 through 29 of his complaint. The record reveals, however, that Kirkland did not move for summary judgment on any of these claims before the trial court, nor did the trial

---

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

court enter a ruling denying summary judgment on any of these claims. Thus, these enumerations of error present nothing for us to review.[3]

Kirkland correctly points out that the trial court had the power to enter a summary judgment ruling sua sponte. Nonetheless, "[w]here a trial court does not rule on an issue, it remains outside the jurisdiction of this Court and we cannot consider it,"[4] especially if the issue is one of summary judgment.[5] Further, in light of the rulings in the following Divisions of this opinion, any such claim of error is also moot.

2. Kirkland argues generally that, because appellees did not file any affidavits or other sworn testimony, summary judgment cannot be granted in their favor. This argument is without merit. As this Court has stated, "a *defendant* may pierce the plaintiff's pleadings and establish entitlement to summary judgment simply by showing that no jury issue exists as to an essential element of the plaintiff's claim."[6] Thus, appellees need only "show an *absence* of evidence to support an essential element of [Kirkland]'s claim [in order] to prevail on summary judgment."[7]

3. In support of his claim that the trial court erred in granting summary judgment against him as to his claim for negligent infliction of emotional distress, Kirkland cites *Ryckeley v. Callaway*.[8] *Ryckeley*, however, involved a claim of *intentional* infliction of emotional distress,[9] and thus Kirkland's reliance on this case is misplaced.

In order to prevail on this claim, Kirkland must meet the requirements of the Georgia impact rule, which requires that he show that (1) he suffered a physical impact; (2) the physical impact caused him physical injury; and (3) the physical injury caused his mental suffering or emotional distress.[10] It is undisputed that no physical

---

[3] See *Builders Ins. Group v. Ker-Wil Enterprises*, 274 Ga. App. 522 (1) (618 SE2d 160) (2005) (appellate review of merits of plaintiff's summary judgment motion was precluded where trial court did not rule on motion).

[4] (Citations omitted.) *Waters v. Glynn County*, 237 Ga. App. 438, 441 (4) (514 SE2d 680) (1999).

[5] *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 822 (6) (555 SE2d 175) (2001).

[6] (Punctuation and footnote omitted; emphasis in original.) *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 680 (2) (634 SE2d 802) (2006); accord *Legacy Investment Group v. Kenn*, 279 Ga. 778, 780 (1) (621 SE2d 453) (2005).

[7] (Footnote omitted; emphasis in original.) *All Fleet*, supra at 682 (5).

[8] 261 Ga. 828 (412 SE2d 826) (1992).

[9] Id. at 828-829 (even if defendants' destruction of cemetery was "malicious, wilful or wanton," so that plaintiffs did not need to show physical impact, plaintiffs could not recover for intentional infliction of emotional harm where defendant's conduct was not directed toward plaintiffs) (citation omitted).

[10] See *Hang v. Wages & Sons Funeral Home*, 262 Ga. App. 177, 179 (585 SE2d 118) (2003).

impact occurred between Kirkland and any employee of Earth Fare; and there is no allegation or evidence of any physical injury to Kirkland.

Nor does Kirkland's claim come under the "pecuniary loss" exception to the impact rule.[11] Kirkland failed to produce evidence showing that he suffered any pecuniary loss stemming from the July 7, 2003, incident at Earth Fare. Although Kirkland submitted an affidavit in which he averred that "all 31 counts of the original complaint . . . are true and correct to the best of my knowledge at this time," and his complaint alleged that

> Dwain Lee Kirkland believes he has suffered damages for Count 20 [relating to "extreme emotional duress"] in the amount of $20,000 per year for the past two years and $20,000 per year for the next seven years which he may be expected to survive totaling $180,000, or whatever amount the jury may award,

these conclusory allegations do not provide evidence of pecuniary damage that would withstand summary judgment.[12] We conclude that the trial court did not err in granting summary judgment to appellees on Kirkland's claim for negligent infliction of emotional distress.

4. Kirkland argues that the trial court erred in granting summary judgment as to his claim for intentional infliction of emotional distress. In order to prevail on such a claim, Kirkland must allege and prove that: (1) appellees' conduct was intentional or reckless; (2) appellees' conduct was extreme and outrageous; (3) appellees' conduct caused Kirkland's emotional distress; and (4) Kirkland's emotional harm was severe.[13] "[A]ll four of [these elements] must be present in order for an action to lie."[14]

In order to meet his burden as to the third required element, Kirkland must show that appellees' conduct was "so outrageous in

---

[11] See *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134, 137 (2) (546 SE2d 283) (2001).

[12] See *Collins v. West American Ins. Co.*, 186 Ga. App. 851, 852 (3) (368 SE2d 772) (1988) ("It is axiomatic that conclusory allegations by way of an affidavit will not be sufficient to avoid summary judgment") (citation and punctuation omitted); OCGA § 9-11-56 (e). Accord *Mimick Motor Co. v. Moore*, 248 Ga. App. 297, 299 (1) (b) (546 SE2d 533) (2001) ("Bare conclusions and contentions unsupported by an evidentiary basis in fact are insufficient to oppose a motion for summary judgment"), citing *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 336 (2) (a) (508 SE2d 750) (1998) (affidavits that did not "constitute statements of facts" because lacking "specificity as to times, places, party or parties, transactions, occasions, or events," were insufficient to avoid summary judgment).

[13] See *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985).

[14] (Citation and punctuation omitted.) Id.

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[15] "Whether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court."[16]

Here, the undisputed facts show that Warrick, Earth Fare's store manager, confronted Kirkland concerning alleged misconduct on store property. Kirkland was allowed to explain his side of the story; and after this encounter, "he was unmolested as he finished the refund and then his shopping and exited Earth Fare." He was not expelled from the store at that time nor was he banned from the store for the future. Warrick's conduct was not, as a matter of law, sufficiently extreme or outrageous to support a claim for the intentional infliction of emotional distress. As this Court has recently reiterated, "outrageous conduct" sufficient to justify a claim of intentional infliction of emotional distress "does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind."[17] Even if the store manager's manner in confronting Kirkland was annoying and insensitive, "there is no occasion for the law to intervene in every case where someone's feelings are hurt."[18] Accordingly, the trial court did not err in granting summary judgment to appellees as to Kirkland's claim for intentional infliction of emotional distress.

5. Kirkland contends that the trial court erred in granting summary judgment to appellees as to his claims for tortious misconduct. "A claim for tortious misconduct arises when a customer-invitee on the premises of the invitor for the purpose of transacting business is subjected to abusive, opprobrious, insulting, or slanderous language by an agent of the invitor."[19]

It is not completely clear that Kirkland asserted this theory in the court below. It is not set forth in his complaint, nor does the order of the trial court granting summary judgment refer to this claim.

---

[15] (Citation omitted.) *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 454 (2) (651 SE2d 790) (2007) (affirming summary judgment to defendant employer on former employee's claim of intentional infliction of emotional distress).

[16] (Footnote omitted.) *Ashman v. Marshall's of MA*, 244 Ga. App. 228, 229 (1) (535 SE2d 265) (2000); accord *Green v. Home Depot U.S.A.*, 277 Ga. App. 779, 782-783 (2) (627 SE2d 836) (2006).

[17] (Citation omitted.) *Wilcher*, supra.

[18] (Citation and punctuation omitted.) Id.

[19] (Citation and punctuation omitted.) *Todd v. Byrd*, 283 Ga. App. 37, 40 (3) (640 SE2d 652) (2006).

Nonetheless, because the trial court granted summary judgment as to all of Kirkland's claims, we will address this claim of error.

Here, the store manager spoke to Kirkland about his supposed conduct in the store. There is no evidence or allegation that anyone else was in the store. Even if so, there is no evidence that anyone else in the store heard or was aware of the conversation, although Kirkland did allege that it took place "within earshot" of the checkout lanes. Further, as noted in Division 4 above, Kirkland continued with his business "unmolested" in the store after this confrontation. Although the store owner "has a duty to protect its customers from injury caused by the tortious misconduct of its employees,"[20] the incident of which Kirkland complains "does not rise to the level of unprovoked and unjustifiable opprobrious and insulting and abusive words by an employee tending to humiliate, mortify, and wound the feelings of the customer."[21] The trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin and Bernes, JJ., concur. Barnes, C. J., concurs in part and dissents in part.*

BARNES, Chief Judge, concurring in part and dissenting in part.

I concur fully and completely with the majority's holdings in Divisions 1, 2, and 3 that the trial court did not err in failing to grant summary judgment to Kirkland sua sponte or in granting summary judgment to the defendants on Kirkland's claims of negligent infliction of emotional harm. I also agree with the result in Division 5 regarding Kirkland's tortious misconduct claim, which he did not raise before the trial court. I disagree, however, with the conclusion in Division 4 that Kirkland's claim for intentional infliction of emotional distress fails as a matter of law.

The necessary elements of this tort are: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; (4) The emotional distress must

---

[20] (Citation and punctuation omitted.) *Mitchell v. Lowe's Home Centers*, 234 Ga. App. 339, 343 (3) (506 SE2d 381) (1998).

[21] (Citation and punctuation omitted.) Id. (although store employees could have been more tactful in handling situation involving allegation of shoplifting, their conduct did not rise to level of tortious misconduct); accord *Wolter v. Wal-Mart Stores*, 253 Ga. App. 524, 526-529 (559 SE2d 483) (2002) (summary judgment for store where employee refused to honor plaintiff's debit card which had been mistakenly revoked by issuer; employee's conduct did not rise to level of tortious misconduct). Compare *Simmons v. Kroger Co.*, 218 Ga. App. 721, 724 (2) (463 SE2d 159) (1995) (summary judgment on tortious misconduct precluded where uniformed, armed store security guard detained customer, threatened him with arrest if he resisted, grabbed him by the arm, and escorted him to security office, in full view of other customers in crowded store).

be severe." (Citation and punctuation omitted.) *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985).

Construing the record with all reasonable inferences in the light most favorable to Kirkland, the respondent to Earth Fare's motion for summary judgment, I cannot say as a matter of law that the defendants' actions do not rise to the level of outrageousness necessary to form a jury question. The record shows that Kirkland entered Earth Fare and was standing in a checkout line waiting to return something when two employees accosted him. One of those employees, a male, approached him from behind "in a physically threatening manner" while the manager, defendant Gere Warrick, spoke to Kirkland. Warrick asked Kirkland to leave the premises because someone had seen him masturbating in the men's room. The manager also said Kirkland had been sexually harassing female employees by, among other things, making remarks about "smelling a female employee's genitals."

In one of his affidavits, Kirkland said he was "sure that bystanders were even embarrassed and offended that such actions should have been intentionally conducted in their full view and hearing." The defendants "in broad daylight in front of witnesses engaged in this conduct with a type of glee" in an "outlandish" tone. The defendants admitted that the manager told Kirkland she had heard reports that he had made "suggestive remarks" to a female employee, he "had engaged in other behavior toward [the] employee that made her uncomfortable," and "there had been a report that [Kirkland] had been seen masturbating in the men's restroom." The employees allowed Kirkland to complete his transaction at the register before making him leave the store.

The evidence also shows that this incident left Kirkland "in physical shock" for two days, gave him a "heightened sense of danger," caused him to remain in his house for nine days with only one trip outside, and prevented him from interacting normally with others. Kirkland's treating psychologist testified by affidavit that Kirkland suffered from post-traumatic stress disorder, depression, and personality disorders, and that "[i]t is possible that the psychological damages described by Mr. Kirkland in his complaint are accurate."

Regardless of whether Kirkland was allowed to complete his transaction at the cash register or to leave the property unmolested, the Earth Fare employees publicly accused him of committing a lewd criminal act — public masturbation — and of saying something to a female employee that no one in polite company would want to repeat.

> Some claims as a matter of law do not rise to the requisite level of outrageousness and egregiousness. Others raise circumstances which properly put the issue before a jury.

Once the evidence shows that reasonable persons might find the presence of extreme or outrageous conduct, the jury must find the facts and make its own characterization. This is a case of the latter class.

(Citations omitted.) *Gordon v. Frost*, 193 Ga. App. 517, 521 (1) (388 SE2d 362) (1989) (trial court improperly granted defendant pharmacist's motion for judgment notwithstanding the verdict on plaintiff customer's claim for intentional infliction of emotional pain as a result of false arrest). Would a reasonable man consider it outrageous to be accused before an audience of onlookers of masturbating in public and remarking on the smell of a woman's genitals? "The gist of the action is . . . the alleged disrespectful, humiliating, and insulting treatment by [the company's] agent, of a member of the general public, lawfully in its office on business with the company." *Dunn v. Western Union Telegraph Co.*, 2 Ga. App. 845, 849 (59 SE 189) (1907). While I agree that the defendants' alleged actions were not terrifying or frightening, I cannot agree that these actions could not possibly be considered so "insulting as naturally to humiliate [or] embarrass" Kirkland as a matter of law. *Greer v. Medders*, 176 Ga. App. 408, 409 (336 SE2d 328) (1985). If this accusation is not sufficiently humiliating and embarrassing, I cannot imagine what would be.

Accusing a customer of masturbating in the restroom and saying such an obnoxious thing to a female employee is more than annoying and insensitive, and more than a mere insult, indignity, or annoyance. It is a humiliating accusation which any self-respecting customer would find outrageous. For these reasons I respectfully dissent to Division 4 of the majority opinion.

DECIDED FEBRUARY 29, 2008

Dwain L. Kirkland, *pro se.*
*Blasingame, Burch, Garrard & Ashley, Matthew A. Moseley*, for appellees.