**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 21, 2023**

# In the Court of Appeals of Georgia

A23A0274. HERZLER v. HERZLER.

DOYLE, Presiding Judge.

John Herzler, Jr. (the "Appellant"), appeals from an order granting summary judgment in favor of Lynn Herzler (the "Appellee") on the Appellant's claims of invasion of privacy, negligence, and intentional infliction of emotional distress. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the Appellant, as the nonmovant,[1] the record shows the following. The parties are former spouses who share custody of a child, S. H. On the evening of August 1, 2020, then-seven-year-old S. H. was staying with the Appellant for his weekend parenting time at his apartment. The Appellant, S. H., and the Appellant's then-17-year-old son had spent the afternoon at the

---

[1] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

apartment complex pool where the Appellant consumed some alcoholic beverages.[2] The Appellant's speech was slurred, and he was stumbling.

At approximately 10:00 p.m. that evening, seven-year-old S. H. called the Appellee and asked her to "come quick" because something was wrong with the Appellant. When the Appellee arrived, S. H. gave the Appellee access to the first floor, where the Appellant's apartment was located and opened the door to the apartment.

The Appellant asked the Appellee to leave. The Appellee asked the Appellant if she could take S. H. home with her for the night, but the Appellant refused. The Appellant was hanging onto the open apartment door during their conversation, appearing to need the door to maintain his balance, and the conversation was visible to anyone in the hallway of the apartment building. The Appellee further testified that the Appellant was slurring his speech, that his responses were delayed, and that she had difficulty understanding him.

Using her cell phone, the Appellee made two video recordings. The record is undisputed that the Appellee neither obtained the Appellant's consent nor explicitly

---

[2] As the trial court noted, the Appellant disputed that alcohol was the sole cause of his intoxication, contending that an antihistamine may have contributed, but this dispute is immaterial. See OCGA § 9-11-56 (c); *Lau's Corp.*, 261 Ga. at 491.

advised him that she was making the recordings. However, the Appellee testified that the Appellant was aware she was making a video recording, that he looked at her cell phone several times, and that he did not ask her to stop recording.

At one point, the Appellee, S. H., and the Appellant's son went to the building's lobby to discuss what to do. The son encouraged the Appellee to take S. H. home with her, but she did not want to do so without the Appellant's consent. The Appellant arrived, chased S. H. around the lobby, picked her up onto his shoulder, and carried her downstairs to his apartment. At that point, the Appellee called the police, who ultimately allowed her to take S. H. home with her for the night.

After the Appellee filed a petition for custody modification, based in part on the events of August 1, the Appellant filed the underlying invasion-of-privacy action. Following a hearing, the trial court granted the Appellee's motion for summary judgment and denied the Appellant's motion. This appeal followed.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal of a grant of summary judgment, this Court reviews the evidence de novo

to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law.[3]

With these guiding principles in mind, we turn now to the Appellant's claims of error.

1. The Appellant argues that the trial court erred in granting summary judgment because the Appellee gave contradictory testimony regarding how she accessed the apartment and whether the Appellant knew she was recording him.

(a) First, the Appellant contends that, with regard to how she initially gained access to his apartment, the Appellee gave three different versions in her brief, her response to the Appellant's requests for admission, and her deposition.

In the summary judgment order, the trial court noted that any issue about who opened the apartment door was immaterial because the Appellant did not allege trespass. Further, even construing the record in the light most favorable to the Appellant, we see no dispute of fact because the Appellee consistently testified that S. H. opened the door for her but that the Appellant was hanging on the open door as he talked with the Appellee.[4] Finally, although the Appellee stated in her summary

---

[3] (Citations and punctuation omitted.) *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

[4] See *Effingham County v. Rhodes*, 307 Ga. App. 504, 505 (1) (705 SE2d 856) (2010) ("[U]nsupported allegations in pleadings and briefs are not evidence[.]").

judgment brief that the Appellant let her into his apartment, and that statement could be construed as an assertion that the Appellant, rather than the parties' daughter, opened the door, under these circumstances, the evidence fails to create a genuine issue.[5]

(b) The Appellant also argues that the Appellee contradicted herself by stating both that she did not obtain the Appellant's consent to record video of him and that he knew she was recording him.

During her deposition, the Appellant's attorney asked the Appellee, "you specifically didn't ask [the Appellant] for consent to take a video, did you?" The Appellant responded: "[The Appellant] was aware of the video. He looked directly at the camera several times, the phone several times. He did not ask me to stop videotaping."

The trial court found that the Appellee took out her phone, held it in front of her, and made a video recording of her conversation with the Appellant. The trial court noted further that although the Appellant "claims he was unaware [the

---

[5] See *Pinckney v. The Covington Athletic Club & Fitness Center*, 288 Ga. App. 891, 893 (655 SE2d 650) (2007) (affirming summary judgment after removing from consideration the plaintiff's contradictory averment in her affidavit that she slipped on an abnormally slippery wet film and not just water while climbing out of a pool).

Appellee] was recording their interaction, there is no evidence [the Appellee] made any effort to conceal it."

> [W]hether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. . . . The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge.[6]

We hold that the trial court did not err in construing the Appellee's testimony and in finding that there was no genuine issue of material fact.

2. The Appellant argues that the trial court erred in granting summary judgment on his invasion of privacy claims.

(a) The Appellant first contends that there is per se tort liability because the appellee violated OCGA § 16-11-62 (2) and (3).

Subject to certain exceptions, OCGA § 16-11-62 (2) makes it unlawful for "[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view[.]" Under OCGA § 16-11-62 (3), it is

---

[6] *Prophecy Corp. v. Rossignol*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

6

generally unlawful for, "[a]ny person to go on or about the premises of another or any private place . . . for the purpose of invading the privacy of others by eavesdropping upon their conversations or secretly observing their activities[.]"

The Appellant acknowledges that "there is no distinct, separate private right of action under OCGA § 16-11-62," but then argues that there is a private right of action because § 16-11-62 was enacted prior to 2010.

OCGA § 9-2-8 (a) provides that "[n]o private right of action shall arise from any Act enacted after July 1, 2010, unless such right is expressly provided therein." While the Appellant is correct that OCGA § 9-2-8 (a) does not apply to the pre-existing statute in this case, § 9-2-8 (a) "certainly counsels against deviating from . . . established precedent to find new implied civil causes of action."[7] As the Appellant appears to concede, we must determine the Appellee's civil liability under the applicable common law.[8]

---

[7] *Anthony v. American Gen. Financial Svcs., Inc.*, 287 Ga. 448, 459 (2) (c) (697 SE2d 166) (2010).

[8] See *Rimert v. Meriwether & Tharp, LLC*, 361 Ga. App. 589, 595 (3) (865 SE2d 199) (2020); see generally *Yarbray v. Southern Bell Tel. & Telegraph Co.*, 261 Ga. 703, 704-705 (1) (409 SE2d 835) (1991) (explaining the four categories of invasion of privacy claims: "(1) [i]ntrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; (4)

(b) The Appellant contends that the trial court erred in granting summary judgment on the common law tort of invasion of privacy and specifically intrusion of seclusion.

"[T]he 'unreasonable intrusion' aspect involves a prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns. In order to recover for intrusion upon seclusion, [the Appellant] must demonstrate that [he] was subjected to a physical intrusion analogous to a trespass."[9]

The trial court did not err in finding that, under the facts of this case, the Appellee's isolated act of overtly recording the Appellant in his home was not egregious in light of the Appellee's vital and continuing interest in the welfare of S. H.[10] Further, the evidence is undisputed that the Appellee only shared the recording with her attorney for the purpose of pursuing a custody modification.[11]

---

appropriation for the defendant's advantage, of the plaintiff's name or likeness") (citation and punctuation omitted).

[9] (Citation and punctuation omitted.) *Assn. Svcs., Inc. v. Smith*, 249 Ga. App. 629, 632 (2) (549 SE2d 454) (2001).

[10] See generally *Anderson v. Mergenhagen*, 283 Ga. App. 546, 551-552 (2) (642 SE2d 105) (2007); *Bodrey v. Cape*, 120 Ga. App. 859, 866-867 (2) (172 SE2d 643) (1969).

[11] See *Bodrey*, 120 Ga. App. at 866-867 (2).

(c) The Appellant contends that the trial court erred in granting summary judgment for the Appellee on his claim of intentional infliction of emotional distress.

The trial court found that, even if the Appellee's behavior reached the necessary level of "outrageousness," which it did not, there was no evidence in the record that the Appellant had suffered severe distress.[12]

The Appellant has neither alleged nor pointed to any evidence to show that he suffered severe emotional distress or that he sought medical or psychiatric treatment for such distress. Accordingly, the trial court did not err in granting summary judgment on this claim.[13]

(d) The Appellant argues that the trial court erred in granting summary judgment in favor of the Appellee on his negligence claim.

The complaint alleged that the Appellee had a duty not to violate the privacy rights of others and not to violate OCGA § 16-11-62 by video-recording the Appellant in his private residence. The trial court properly found that the alleged

---

[12] See generally *Kirkland v. Earth Fare, Inc.*, 289 Ga. App. 819, 822 (4) (658 SE2d 433) (2008) (noting that a plaintiff must demonstrate all elements for intentional infliction of emotional distress, including that the "harm was severe").

[13] See *Doe v. Roe*, 362 Ga. App. 23, 30-31 (3) (d) (864 SE2d 206) (2021).

breach of these duties was fully encompassed by the Appellant's claims for invasion of privacy.[14]

3. Because the trial court properly granted the Appellee's motion for summary judgment, we need not address the Appellant's argument that he was entitled to judgment as a matter of law.

*Judgment affirmed. Miller, P. J., concurs. Mercier, J., concurs in judgment only.*

---

[14] See *Fed. Ins. Co. v. Westside Supply Co., Inc.*, 264 Ga. App. 240, 246 (4) (590 SE2d 224) (2003).