27994. TURNER et al. v. HARPER.

GUNTER, Justice. This case began as an action for specific

performance of a contract in the trial court. The appellants here were the defendants below. Appellants filed a motion in the trial court to dismiss the complaint and for judgment on the pleadings.

The trial judge overruled these motions, and the effect of overruling them was to leave the case for trial in the trial court. The two judgments overruling these motions were entered on March 15, 1973.

The appellants sought and obtained from the trial judge a certificate for immediate review. This certificate is dated March 23, 1973, well within the ten-day period required by statute, but this certificate or order was not filed with the clerk or "entered" until April 6, 1973, well beyond the ten-day period required by statute.

It is clear that the judgments entered in the trial court are not final or appealable judgments without a certificate for immediate review. Such a certificate must be obtained within a ten-day period from the entry of the judgment or judgments sought to be appealed. Code Ann. § 6-701 (a 2).

Code Ann. § 6-903 provides that the filing with the clerk of a judgment, signed by the judge, constitutes the "entry" of the judgment within the meaning of the Appellate Practice Act.

We therefore have a question of first impression. Does the dating of a certificate within the ten-day period authorize an appeal by "certificate for immediate review," or must the certificate be filed with the clerk of the trial court or "entered" within the ten-day period?

We hold that the certificate must be filed with the clerk of the trial court or "entered" within the ten-day period in order to secure immediate review of a non-final judgment; and if the certificate is not entered within the ten-day period, then the party seeking review will merely have to await a final judgment in the case before he can obtain review of interlocutory judgments entered in the trial court.

Therefore, in this case the judgments sought to be appealed were not appealable judgments.

*Appeal dismissed. All the Justices concur, except Mobley, C. J., Jordan and Ingram, JJ., who dissent.*
      SUBMITTED JUNE 11, 1973 — DECIDED OCTOBER 4, 1973.

*H. Thad Crawley, Byrd, Groover & Buford, Garland T. Byrd,*

for appellants.

*Richard T. Bridges,* for appellee.

JORDAN, Justice, dissenting. I do not agree that this appeal should be dismissed simply because the certificate for immediate review was not filed with the clerk of the trial court within the ten-day period in which it was signed by the trial judge. As I understand Code Ann. § 6-701 (a 2), it is only required that the certificate be *obtained* from the trial judge within ten days of entry of such order, decision, or judgment complained of. When such certificate is obtained within that ten-day period, as was done here, the party wishing to appeal has complied with the requirements of this Code section, and it is not fatal to the appeal that such a certificate is not filed with the clerk of the trial court within the same ten-day period.

In my opinion, a certificate for immediate review merely allowing an appeal from a non-final judgment is not such a judgment as is contemplated by Code Ann. § 6-903. See *Jordan v. State,* 129 Ga. App. 176 (198 SE2d 888).

I therefore respectfully dissent from the judgment of dismissal.

I am authorized to state that Chief Justice Mobley and Justice Ingram concur in this dissent.