### 49045. TOWNSEND et al. v. ORKIN EXTERMINATING COMPANY, INC.

BELL, Chief Judge.

By statutory expression (Code Ann. § 6-701 (4)), the review of an order and judgment on a motion for summary judgment is governed by CPA § 56 (h). The latter (Code Ann. § 81A-156 (h)) provides that an order denying summary judgment is not subject to review by direct appeal unless within 10 days of the order of denial the trial judge certifies it for direct appeal. CPA § 58 (b) (Code Ann. § 81A-158 (b)) provides that "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective *for any purpose* until the entry of the same, as hereinbefore provided." The notice of appeal in this case refers to an order and judgment "entered" on November 2, 1973, denying the defendants' motion for summary judgment. The record, while it does have an order of this description, does not contain an indication of a filing date with the clerk. Apprehending that this may have been an omission due to oversight, we ordered the clerk of the trial court to certify whether this order was filed with him and the date. The clerk responded that this order had never been filed with him. Therefore, since the judgment has never been entered with the clerk, it is ineffective for any purpose and the certificate for direct appeal obtained

within ten days of the date this order was *signed* by the trial judge is likewise ineffective to confer jurisdiction on this court to review the order.

*Appeal dismissed. Quillian and Clark, JJ., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED MAY 16, 1974.

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr.,* for appellants.

*Kaler, Karesh & Frankel, Jerry L. Sims, Glenville Haldi,* for appellee.