## 49651, 49652. LAURENS COUNTY v. DIXON (two cases).

QUILLIAN, Judge.

In both these cases the judgment was dated May 16, 1974 but not entered until May 24, 1974. The certificate for immediate review is dated and entered on May 22, 1974.

In *Turner v. Harper,* 231 Ga. 175, 176 (200 SE2d 748), the Supreme Court held that a certificate of immediate review "must be obtained within a ten-day period from the entry of the judgment or judgments

sought to be appealed." Further, the "certificate must be filed with the clerk of the trial court or 'entered' within the ten-day period in order to secure immediate review of a non-final judgment."

*Bonzheim v. Bonzheim,* 227 Ga. 478 (181 SE2d 363), held that a judgment could not be considered appealable until it was actually entered. In *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48), the Supreme Court recently upheld the ruling of *Bonzheim v. Bonzheim,* 227 Ga. 478, supra, although finding it inapplicable in a criminal case. We are thus constrained to continue to follow *Bonzheim,* and the cases therein cited, in civil cases. Applying the principle of *Turner v. Harper,* 231 Ga. 175, supra, and *Bonzheim,* the requirements for a valid appeal were not met. See *Townsend v. Orkin Exterminating Co.,* 131 Ga. App. 824 (207 SE2d 230).

*Appeals dismissed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED JANUARY 17, 1975.

*H. Dale Thompson,* for appellant.
*McDonald, Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.