A07A1501. WILCHER v. CONFEDERATE PACKAGING, INC. et al.
(651 SE2d 790)

MILLER, Judge.

Lori Wilcher appeals from the trial court's grant of summary judgment to her former employer, Confederate Packaging, Inc. ("CPI"), and her former manager, Gloria Martin, on her claim for intentional infliction of emotional distress. Because Wilcher has failed to present evidence demonstrating each of the requirements necessary to prevail on a claim of intentional infliction of emotional distress, we affirm.

Wilcher filed a complaint in the Superior Court of Laurens County alleging intentional infliction of emotional distress against CPI and Martin and breach of contract against CPI. CPI and Martin filed separate motions for summary judgment, and on January 26, 2007, the trial court granted summary judgment to CPI on the contract claim, but denied summary judgment on Wilcher's claim for intentional infliction of emotional distress as to both CPI and Martin.

CPI and Martin submitted requests for certificates of immediate review on February 2, 2007. On that same date, the trial court signed the certificate proposed by CPI; however, it was not timely filed with the clerk's office. Nothing of record shows that the certificate proposed by Martin was ever signed or filed.

On February 8, 2007, the trial court amended its order and granted summary judgment to both CPI and Martin on Wilcher's claim for intentional infliction of emotional distress. This appeal followed.

1. Wilcher first contends that because the trial court had previously signed a certificate of immediate review of its original order denying summary judgment as to Wilcher's claim for intentional infliction of emotional distress, the trial court lacked jurisdiction over the case at the time it amended its order granting summary judgment in favor of CPI and Martin. We disagree.

A certificate of immediate review of a court order must be signed by the trial judge and filed with the clerk of the trial court within ten days of the entry of the interlocutory order sought to be appealed. OCGA § 5-6-34 (b); *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974). Here, the trial court's original order denying summary judgment was issued on January 26, 2007, and both CPI and Martin submitted requests for certificates of review on February 2, 2007. Although the trial court signed CPI's request on February 2, 2007, the certificate was not filed with the trial court until February 6, 2007, which was 11 days after the date of the order, and there is no evidence that the certificate proposed by Martin was ever signed or filed. As a result, the trial court's order was not appealable, the trial court retained jurisdiction, and it was authorized to amend its order. *Wood v. State*, 199 Ga. App. 252, 254 (2) (404 SE2d 589) (1991) (where appellant failed to timely obtain certificate of review, "the appellate courts did not obtain jurisdiction of his appeal and the trial court did not lose jurisdiction").

2. Next, Wilcher contends that the trial court erred in finding, as a matter of law, that she failed to present sufficient evidence to support her claim of intentional infliction of emotional distress. On appeal from a grant of summary judgment, the evidence will be construed in the light most favorable to the nonmoving party, and we

conduct a de novo review of the law and evidence. *Lockhart v. Marine Mfg. Corp.*, 281 Ga. App. 145, 147 (635 SE2d 405) (2006).

So viewed, the record shows that Wilcher worked for CPI under the supervision of Martin, who was the plant manager. During such time, and as described more fully below, Wilcher was subjected to continuously changing duties, physically strenuous work, remarks she considered offensive, and verbal reprimands. As a result, Wilcher claimed to suffer from severe migraine headaches. Wilcher was subsequently terminated for insubordination after she walked out on a conversation with Martin.

For Wilcher to prevail on a claim for intentional infliction of emotional distress, she must present evidence demonstrating that the alleged conduct was: (1) intentional or reckless; (2) extreme and outrageous; and (3) the cause of severe emotional distress. *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985).

In its amended order, the trial court concluded that Wilcher failed to show that the conduct complained of was either extreme or outrageous, and that she, therefore, could not support her claim. We agree.

This Court recognizes that the existence of an employee-employer relationship, such as that which existed here, is susceptible to abuse. See *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 61 (529 SE2d 144) (2000). Regardless of the existence of such relationship, however, "it must be emphasized that major outrage in the language or conduct complained of is essential to the tort." (Punctuation and footnote omitted.) Id.

"The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim[,] 'Outrageous!' " (Citation omitted.) *United Parcel Svc. v. Moore*, 238 Ga. App. 376, 377 (519 SE2d 15) (1999). Even when viewed in the light most favorable to Wilcher, the conduct in this case simply falls short of this standard.

Wilcher contends that she was required to change duties on a regular basis, which hampered her ability to complete her work. She further asserts that she was singled out to perform physically strenuous work without assistance, yet she also acknowledges that other employees sometimes had to perform such jobs alone, although they "generally" would "wind up with help."

Wilcher claims that her personal heater was confiscated after Martin claimed she had left it on after her shift, and that she thereafter had to warm herself by standing near the glue machine. Wilcher acknowledged, however, that her heater was returned to her the next day, and that other employees did not have heaters. She also

appeared uncertain as to whether Martin had forbidden her from having the heater at all or just for the day that it was confiscated.

Wilcher also claims that Martin insulted her and that on more than one occasion she referred to her over the intercom as "Lori Reaves, Wilcher, whatever" after she had changed her last name from Reaves to Wilcher. We note that the case law is replete with findings that such conduct does not rise to the level of outrageousness necessary to support a claim for intentional infliction of emotional distress.

> Comments made within the context of one's employment may be horrifying or traumatizing, but are generally considered a common vicissitude of ordinary life. Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Such does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind.

(Footnotes omitted.) *Jarrard*, supra, 242 Ga. App. at 59.

Here, Martin's conduct, including the assignment of arduous labor, obstruction of Wilcher's ability to complete her work, and comments such as "Lori Reaves, Wilcher, whatever" when calling her over the intercom simply do not, as a matter of law, meet this standard. See *Everett v. Goodloe*, 268 Ga. App. 536, 545 (602 SE2d 284) (2004) (holding that the issue of whether distress was so extreme that no reasonable person could be expected to endure it is a question of law). While Martin's conduct appears to be annoying and insensitive, "[t]here is no occasion for the law to intervene in every case where someone's feelings are hurt." (Citation and punctuation omitted.) *Kornegay v. Mundy*, 190 Ga. App. 433, 435 (1) (379 SE2d 14) (1989). As a result, the trial court did not err in granting summary judgment to CPI and Martin as to Wilcher's claim for intentional infliction of emotional distress.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 7, 2007.

*Betty Walker-Lanier*, for appellant.

*Constangy, Brooks & Smith, William J. Martin II, Frank L. Butler III*, for appellees.