# Court of Appeals
# of the State of Georgia

ATLANTA,   March 28, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0163.  REBECCA KITCHENS v. THE STATE.**

On January 30, 2013, the trial court denied Rebecca Kitchens's motion to suppress.  On February 15, 2013, the court entered a certificate of immediate review. Kitchens then filed this application for interlocutory appeal.  We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).  The Supreme Court has interpreted "entered" to mean "filed with the clerk of the trial court." Id.  The judge's signature, alone, does not constitute entry of an order.  See id; see also *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").

In this case, although the certificate of immediate review was signed on February 7, it was not entered until February 15 – 16 days after entry of the order denying the motion to suppress.  Because the certificate of immediate review was not timely entered, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 03/28/2013

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*