# Court of Appeals
# of the State of Georgia

ATLANTA,  December 30, 2014

*The Court of Appeals hereby passes the following order:*

**A15I0091. AGNES MARIE FRETTY v. CATHY LAUE et al.**

On November 20, 2014, the trial court entered an order denying Agnes Fretty's motion for partial summary judgment and motion to dismiss. Twelve days later, on December 2, 2014, the court certified its order for immediate review. Fretty then applied to this Court for an interlocutory appeal.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment in the case. OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). "[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from." *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974).

Because the certificate of immediate review in this case was not entered within ten days of entry of the order at issue, we lack jurisdiction to consider the application for interlocutory appeal, which is accordingly *DISMISSED.*



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta* 12/30/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*