# Court of Appeals
# of the State of Georgia

ATLANTA,  December 15, 2015

*The Court of Appeals hereby passes the following order:*

**A16I0077.  LISA ANN PELUSO v. JOSEPH GUSTAVE PELUSO, III.**

On September 17, 2015, the trial court entered a discovery order in this divorce case.  Twelve days later, on September 29, the court certified the order for immediate review.  Lisa Ann Peluso then filed an application for interlocutory appeal in the Supreme Court, which transferred the matter here.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal.  See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973); *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").

In this case, the trial court did not enter its certificate of immediate review within ten days of the order that Lisa Ann Peluso seeks to appeal.  Accordingly, we lack jurisdiction to consider this application for interlocutory appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*  12/15/2015
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*