# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2017

*The Court of Appeals hereby passes the following order:*

**A17I0252. TRAFFIC CALMING USA, LLC v. COMMERCE AND INDUSTRY INSURANCE CO.**

Traffic Calming USA, LLC, defendant in this civil action, seeks interlocutory review of the trial court's May 15, 2017 order denying its motion for reconsideration of the order denying its motion to dismiss. The certificate of immediate review, however, was not entered until 11 days later, on May 26, 2017.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, although the trial court signed the certificate of immediate review on May 25, 2017, the relevant date for determining the timeliness of the certificate is the date it was entered. See *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974) ("[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from.").

Because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  06/21/2017*
      *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*