# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2018

*The Court of Appeals hereby passes the following order:*

## A18I0111. JOHN FREDRICKSON v. THE STATE.

In this prosecution for DUI and other related charges, defendant John Fredrickson seeks interlocutory review of the trial court's December 18, 2017 order denying his motion to suppress evidence obtained from his medical records. The trial court issued a certificate of immediate review 21 days later, on January 8, 2018. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007).

In its order granting a certificate of immediate review, the trial court stated that Fredrickson first learned on January 8, 2018, that his motion to suppress had been denied. If, as the trial court appears to suggest, Fredrickson's right to seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980).

Fredrickson's failure to comply with the required appellate procedure deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  02/14/2018*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*