# Court of Appeals
# of the State of Georgia

ATLANTA,  March 13, 2018

*The Court of Appeals hereby passes the following order:*

**A18I0137.  KEENAN R. COLZIE v. THE STATE.**

Keenan R. Colzie was charged with cruelty to children in the first degree, reckless conduct, and possession of a firearm by a convicted felon. He filed a motion to sever the firearm charge and bifurcate the trial. The trial court denied the motion on November 22, 2017. The court certified its order for immediate review on January 3, 2018. The court entered an amended certificate of immediate review on February 9. Colzie filed the instant application for interlocutory review on February 23. The State has moved to dismiss the application.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten- day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007). Here, the trial court entered its certificate of immediate review 42 days after entry of the order Colzie seeks to appeal. Although the court entered an amended certificate of immediate review, there is no indication in the application materials that the court reentered its order denying Colzie's motion to sever in order to restart the ten-day window to obtain a timely certificate.

Nonetheless, even if Colzie had obtained a timely certificate of immediate review, his application would still be untimely. OCGA § 5-6-34 (b) mandates the filing of the interlocutory application within ten days after entry of the certificate of immediate review. Ordinarily, Colzie would have had until Monday February 19, 2018

to file a timely application from the entry of the amended certificate of immediate review. However, February 19 was Presidents' Day, a national holiday. See Court of Appeals Rule 3 (when a filing deadline falls on a national holiday, the time is extended to the next business day). Thus, Colzie had until Tuesday, February 20 to file a timely application. Colzie did not file his interlocutory application until February 23, 2018, 14 days after the entry of the amended certificate.

For the foregoing reasons, the State's motion to dismiss is GRANTED, and this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*C l e r k ' s  O f f i c e ,*
*Atlanta,__03/13/2018_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*