# Court of Appeals
# of the State of Georgia

ATLANTA, _April 30, 2019_

*The Court of Appeals hereby passes the following order:*

**A19I0216. RICHARD WAYNE MORRIS JR. v. MACI LEIGH MORRIS.**

Richard Wayne Morris, Jr. seeks interlocutory review of the trial court's order denying his motion to dismiss an ex-parte order of temporary guardianship. We lack jurisdiction because Morris has not complied with the interlocutory appeal procedures.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973); *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007). After obtaining a timely certificate of immediate review is entered, the party seeking review must file, within ten days, an application for interlocutory appeal in this Court. See OCGA § 5-6-34 (b); *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995). Failure to do so renders the application subject to dismissal. See *Genter*, 218 Ga. App. 311.

Here, the trial court entered its order denying Morris's motion to dismiss on March 11, 2019. The trial court's order includes a statement that "Defendant is hereby granted a certificate of immediate review." Assuming arguendo that this statement is sufficient to satisfy the requirement of a certificate of immediate review, Morris's application is untimely because he filed it on April 6, 2019, which was 26 days after the March 11 order was entered. See OCGA § 5-6-34 (b); *Genter*, 218 Ga. App. at 311.

As Morris notes in his application, the trial court also entered a separate certificate of immediate review. That separate certificate, however, was entered on April 5, 2019, which was 25 days after entry of the court's March 11 order denying Morris's motion to dismiss. Accordingly, the April 5 certificate is also untimely. See OCGA § 5-6-34 (b); *Wilcher*, 287 Ga. App. at 452 (1).

Under the circumstances, we lack jurisdiction to consider this application for interlocutory appeal, and it is hereby DISMISSED. See *Genter*, 218 Ga. App. at 311; *Turner*, 231 Ga. at 176.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/30/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*