# Court of Appeals
# of the State of Georgia

ATLANTA,　October 30, 2019

*The Court of Appeals hereby passes the following order:*

**A20I0071.　THOMAS BENESH v. CITY OF LOGANVILLE et al.**

Thomas Benesh sued the City of Loganville and other defendants for damages and injunctive relief. On July 25, 2019, the trial court entered an order granting partial summary judgment to the City on Benesh's claims for damages and dismissing his claim for injunctive relief. In addition, the trial court directed the entry of final judgment in favor of the City pursuant to OCGA § 9-11-54 (b). On August 6, 2019, the trial court entered a certificate of immediate review. Benesh then filed an application for interlocutory appeal in the Supreme Court, which subsequently transferred the case here. We lack jurisdiction because the certificate of immediate review was not timely filed.

The trial court's July 25 order was directly appealable because the court granted partial summary judgment and directed the entry of final judgment as to the City. See OCGA § 9-11-56 (h); OCGA § 9-11-54 (b). Ordinarily, we will grant a timely application for interlocutory appeal if the order complained of is subject to direct appeal and the applicant has not otherwise filed a timely notice of appeal. See *Southwestern Emergency Physicians, P. C., v. Nguyen*, 330 Ga. App. 156, 156 n.1 (767 SE2d 818) (2014); *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004). But the application must be timely. *Spivey*, 286 Ga. App. at 486 n.1.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176

(200 SE2d 748) (1973). Here, the certificate of immediate review was entered 12 days after the July 25 order that Benesh wishes to appeal. A certificate of immediate review filed outside the ten-day period, however, is not timely.

Because the trial court did not enter the certificate of immediate review within ten days of entry of the order at issue, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/30/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*