# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2022

*The Court of Appeals hereby passes the following order:*

**A23I0028. RICHARD GARY BOATWRIGHT v. THE STATE.**

On August 1, 2022, the trial court entered an order denying Richard Gary Boatwright's motions to suppress. The court signed a certificate of immediate review six days later, but the certificate was not entered until August 17, 2022. Boatwright then filed this application for interlocutory appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). "[S]tatutory requirements for interlocutory review are jurisdictional." *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020). Because the trial court did not enter the certificate of immediate review within ten days of its order denying Boatwright's motions to suppress, his interlocutory application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  08/29/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.