# Court of Appeals
# of the State of Georgia

ATLANTA, January 18, 2023

*The Court of Appeals hereby passes the following order:*

**A23I0119. MURRY MOSELY v. THE STATE.**

Murry Mosely was charged by accusation with pandering, solicitation of sodomy, contributing to the delinquency of a minor, and two counts of harassing communications. Mosely filed a special demurrer/motion to dismiss. On November 22, 2022, the trial court entered an order overruling the special demurrer and denying the motion to dismiss. Mosely obtained a certificate for immediate review on December 6, 2022 and filed this application for interlocutory review on December 20, 2022. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court "certifies within ten days of entry" of the order at issue that immediate review should be had. Additionally, an application for interlocutory appeal must be filed within ten days of the trial court granting a timely certificate of immediate review. See OCGA § 5-6-34 (b); *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995). The requirements of OCGA § 5-6-34 (b) are jurisdictional, and if the party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Here, Mosely obtained his certificate of immediate review 14 days after the trial court entered its order and filed his application 14 days after the court entered the

certificate of immediate review, making both untimely. This application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __01/18/2023__

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*