# Court of Appeals
# of the State of Georgia

ATLANTA,  October 12, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0088. MARK SEABOLT v. THE STATE.**

On September 5, 2023, the superior court denied Mark Seabolt's special demurrer and motion to dismiss one of the counts of the indictment filed against him. The superior court issued a certificate of immediate review on September 21, 2023, and Seabolt filed this application for discretionary appeal on September 26, 2023. We, however, lack jurisdiction.

Because the case remains pending below, the order that Seabolt seeks to appeal is interlocutory and therefore requires the filing of an application for interlocutory appeal. Although Seabolt titled his filing an application for discretionary review, his application states that he seeks interlocutory review, and he attempted to comply with interlocutory appeal procedures. In accordance with OCGA § 5-6-34 (b), however, a party may request interlocutory review only if the trial court "certifies within ten days of entry" of the order at issue that immediate review should be had. Seabolt did not do so. Rather, he obtained his certificate of immediate review 16 days after the trial court entered its order, making it untimely. The requirements of OCGA § 5-6-34 (b) are jurisdictional, and if the party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). For this reason, this application is hereby

DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 10/12/2023 *

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*