# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2024

*The Court of Appeals hereby passes the following order:*

**A24I0152. DIANE MARIE GNAM v. ESTATE OF JAMES G. WHITE et al.**

In this equitable interpleader case, the Estate of James G. White and Richard O. White filed a motion to set aside a consent default judgment and open the default. The trial court granted the motion on March 1, 2024; on March 7, 2024, the court certified its order for immediate review. On March 19, 2024, Diane Gnam filed this application seeking to appeal the court's order. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. The application to this Court then must be made "within ten days after such certificate is granted." Id. A certificate of immediate review is considered granted on the date that it is filed with the clerk of court.[1] See *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973); *Laurens County v. Dixon*, 133 Ga. App. 727, 728 (213 SE2d 26) (1975). The requirements of OCGA § 5-6-34 (b) are jurisdictional, and if the party seeking interlocutory review does not comply with these requirements, the party must wait until final judgment to appeal. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016).

---

[1] Gnam has included a copy of an email from the deputy clerk of court stating that the certificate of immediate review was not "scanned into the system" and distributed to the attorneys until March 11, 2024. However, the due date of an application for interlocutory appeal is not calculated from the date of service of the certificate of immediate review upon the applicant; it is calculated from the date the certificate was filed with the court. See OCGA § 5-6-34 (b).

Here, because Gnam filed this application 12 days after the trial court entered its

certificate of immediate review, it is untimely. See *Graves v. Dean*, 166 Ga. App. 186 (303 SE2d 751) (1983). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  04/17/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*