# Court of Appeals of the State of Georgia

ATLANTA, March 11, 2025

*The Court of Appeals hereby passes the following order:*

**A25I0170. MARCUS WILLIAMS v. THE STATE.**

Marcus Williams seeks interlocutory review of the trial court's order denying his motion to suppress. The trial court's order was filed on February 5, 2025, and the certificate of immediate review was filed on February 19, 2025. We lack jurisdiction.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Duke v. State*, 306 Ga. 171, 178 (3) (a) (829 SE2d 348) (2019), citing *Turner v. Harper*, 231 Ga. 175, 175 (200 SE2d 748) (1973). The Supreme Court has interpreted "entered" to mean "filed with the clerk of the trial court." Id.

Here, although the certificate of immediate review was signed on February 11, it was not entered until February 19, 2025 — 14 days after entry of the order denying

the motion to suppress. Thus, the certificate of immediate review is untimely and this application is DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   03/11/2025*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*