# Court of Appeals
# of the State of Georgia

ATLANTA, May 27, 2025

*The Court of Appeals hereby passes the following order:*

## A25I0216. LINDA SCOTT et al. v. OAKS AT CONYERS LLC et al.

Linda Scott, the plaintiff in this wrongful death case, filed the instant application for interlocutory review of the trial court's March 26, 2025 order granting the defendants' motion to compel arbitration. Apparently, the court granted Scott's request for a certificate of immediate review and signed a certificate on April 7, 2025. However, the only copy of a filed or entered certificate in the application materials was filed or entered on April 17, 2025.[1] We lack jurisdiction.

A party may seek interlocutory review only if the trial court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." OCGA § 5-6-34 (b). A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24 (2) (209 SE2d 715) (1974). If the certificate is not entered within the ten-day period, it is untimely, and the party seeking review generally must wait until final judgment to appeal. See OCGA § 5-6-34 (b); *Duke v. State*, 306 Ga. 171, 178 (3) (a) (829 SE2d 348) (2019); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). "[T]he filing with the clerk of a judgment, signed by the judge, constitutes the 'entry' of the judgment within the meaning of the Appellate Practice Act." *Turner*, 231 Ga. at 176. Thus, it is well-established that an

---

[1] According to an email from the court's law clerk, the court issued "an [a]mended [c]ertificate . . . to correct the clerical error of untimely service to [the] parties."

underlying order may not be appealed when the certificate of immediate review is filed or entered beyond the ten-day period, even if the certificate is signed or dated within the period. See id.; *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007); *Unigard Mut. Ins. Co. v. Carroll*, 131 Ga. App. 699, 699 (206 SE2d 603) (1974); *Van Schallern v. Stanco*, 130 Ga. App. 687, 687 (204 SE2d 317) (1974); see also *Whitlock v.* State, 124 Ga. App. 599, 601 (1) (185 SE2d 90) (1971) ("A nunc pro tunc entry of a certificate for immediate review cannot revive a right of appeal which has expired.").

Here, because the only copy of a filed or entered certificate of immediate review in the application materials was filed or entered 22 days after entry of the underlying order, we are constrained to conclude that we lack jurisdiction. Thus, this application is hereby DISMISSED. However, we note that in order to give Scott a second opportunity to pursue an interlocutory appeal, the trial court may vacate and reinstate both the underlying order and the certificate. See *Canoeside Properties, Inc. v. Livsey*, 277 Ga. 425, 426-427 (1) (589 SE2d 116) (2003); *Piedmont Hosp. v. D. M.*, 335 Ga. App. 442, 444 (1) (779 SE2d 36) (2015). We also note that a trial court can grant a valid certificate of immediate review from the denial of a motion to reconsider an interlocutory order. *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/27/2025*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*