# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0148. IN RE ESTATE OF JUNE WHITE PURVIS, DECEASED.**

In May 2024, Jerry G. Purvis, Jr. filed a petition to probate a will of June White Purvis. Juliet Purvis filed a caveat, asserting the will was obtained through undue influence. Thereafter, Jerry G. Purvis, Jr. filed a motion for summary judgment. On January 26, 2026, the probate court entered an order denying the motion. On February 9, 2026, the probate court signed a certificate of immediate review that was ultimately entered on February 11, 2026. Jerry G. Purvis, Jr. filed this application for interlocutory appeal on February 23, 2026.

A party may seek interlocutory review only if the court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." OCGA § 5-6-34(b). A timely certificate of immediate review is a jurisdictional requirement. *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). If the certificate is not entered within the ten-day period, it is untimely, and the party seeking review generally must wait until final judgment to appeal. OCGA § 5-6-34(b); *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019). In this case, the probate court did not sign the certificate of immediate review until 14 days after entry of the order at issue, and the certificate was not entered until 16 days after the order.

Jerry G. Purvis, Jr. claims he was not served with the order until  January 29, 2026, and cites to *Minor v. Barwick*, 264 Ga. App. 327, 327 n.1 (590 SE2d 754) (2003), to argue that due to the clerk's delay of delivery, we should accept the certificate of immediate review as timely. *Minor*, however, is inapposite. In that case, we accepted

a certificate of immediate review when "the certificate was signed by the trial court and delivered to the clerk's office" within the deadline, "but due to clerical error it was not stamped filed until" after the deadline. Id. Here, however, the certificate of immediate review was not even signed within ten days of the probate court order. Moreover, OCGA § 5-6-34(b) requires the certification "within ten days of entry thereof that the order," and does not contemplate when the order is received. See *Turner v. Harper*, 231 Ga. 175, 175 (200 SE2d 748) (1973) (a certificate of immediate review "must be filed with the clerk of the trial court or 'entered' within the ten-day period in order to secure immediate review of a nonfinal judgment").

As there was no timely certificate of immediate review, this Court lacks jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___03/18/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*