# Court of Appeals
# of the State of Georgia

ATLANTA,  May 05, 2026

*The Court of Appeals hereby passes the following order:*

### A26I0199. DAVID INGLE v. JEFFERY CASEY JOYNER.

On February 26, 2026, the trial court entered an order partially denying defendant David Ingle's motion for reconsideration of the court's previous denial of his motion for summary judgment. On April 8, 2026, the court certified its February 26 order for immediate review. Ingle then filed this application for interlocutory review. We lack jurisdiction.

A party may seek interlocutory review only if the trial court "certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had." OCGA § 5-6-34(b). A timely certificate of immediate review is a jurisdictional requirement. See *Von Waldner v. Baldwin/Cheshire, Inc.*, 133 Ga. App. 23, 24(2) (209 SE2d 715) (1974). If the certificate is not entered within the ten-day period, it is untimely, and the party seeking review generally must wait until final judgment to appeal. See OCGA § 5-6-34(b); *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973).

Here, because the certificate of immediate review was entered 41 days after entry of the underlying order, we are constrained to conclude that we lack jurisdiction. The trial court noted in the certificate that the underlying order was not served on the parties until March 26, 2026. However, the ten-day deadline established in OCGA § 5-6-34(b) begins to runs upon the "entry" of the underlying order, and "the filing with the clerk of a judgment, signed by the judge, constitutes the 'entry' of the judgment within the meaning of the Appellate Practice Act." *Turner*, 231 Ga. at 176.

Thus, any delayed service of the underlying order does not toll the ten-day deadline. We also note that 13 days passed between March 26 and April 8, 2026.

For the foregoing reasons, this application is hereby DISMISSED. However, we note that in order to give Ingle a second opportunity to pursue an interlocutory appeal, the trial court may vacate and reinstate both the underlying order and the certificate. See *Canoeside Properties v. Livsey*, 277 Ga. 425, 426-427(1) (589 SE2d 116) (2003); *Piedmont Hosp. v. D. M.*, 335 Ga. App. 442, 444(1) (779 SE2d 36) (2015).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  05/05/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*